Date signed August 05, 2013



PAUL MANNES
U. S. BANKRUPTCY JUDGE

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MARYLAND
### Greenbelt Division

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| MARCUS C. CAMPBELL | : | Case No. 12-28569-PM |
| | : | Chapter 7 |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| AFRICA B. CAMPBELL | : | |
| Plaintiff | : | |
| v. | : | Adversary No. 13-0095-PM |
| | : | |
| MARCUS C. CAMPBELL | : | |
| Defendant | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

### MEMORANDUM OF DECISION

This case is before the court on the Debtor-Defendant's Motion To Dismiss Under Rule 12(b)(6) The Amended Complaint For Fraud Under Section 707(b). The Amended Complaint is a scattershot effort that combines a complaint objecting to Debtor's discharge pursuant to 11 U.S.C. §727(a)(2), (3) and (4) with a motion to dismiss the case pursuant to 11 U.S.C. §707(b)(1), a practice that must be condemned.

The pertinent statutory sections provide:

> **§ 707 - Dismissal of a case or conversion to a case under chapter 11 or 13**
> . . .
> (b)(1)  After notice and a hearing, the court, on its own motion or on a motion by the United States trustee, trustee (or bankruptcy administrator, if any), or any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts, or, with the debtor's consent, convert such a case to a case under chapter 11 or 13 of this title, if it

finds that the granting of relief would be an abuse of the provisions of this chapter. In making a determination whether to dismiss a case under this section, the court may not take into consideration whether a debtor has made, or continues to make, charitable contributions (that meet the definition of "charitable contribution" under section 548(d)(3)) to any qualified religious or charitable entity or organization (as that term is defined in section 548(d)(4)).

**§ 727 Discharge**
    (a)  The court shall grant the debtor a discharge, unless—
        . . .
        (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—
            (A) property of the debtor, within one year before the date of the filing of the petition; or
            (B) property of the estate, after the date of the filing of the petition;
        (3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;
        (4) the debtor knowingly and fraudulently, in or in connection with the case—
            (A) made a false oath or account;
            (B) presented or used a false claim;
            (C) gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act; or
            (D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs . . . .

Plaintiff's Amended Complaint charges:

> 2.  This Defendant/Debtor signed a Property Settlement Agreement on July 14, 2011 which among other things stated -
>
> > W shall transfer her marital interest in the marital home 5407 Old temple Hills Rd, Temple Hills, Md to H so long as she is released from financial liability on mtge notes.  This transfer is based on assumption of no equity in marital home.

3. In order to be released from liability, Defendant/Debtor had to refinance the property.

4. At the time that the agreement was entered into, Defendant/Debtor without any knowledge of the Plaintiff/Creditor had already stopped making payments on the mortgage even though he had sufficient income to comply with the terms.

5. The statement that he would release the Plaintiff/Creditor from liability was a false representation with the intent to deceive her.

6. Plaintiff/Creditor relied on the representation.

7. The reliance by the Plaintiff/Creditor was justified since the Defendant/Debtor made over $114,000 per annum, had steady employment, and had always paid the mortgage while the parties lived together.

8. Defendant/Debtor's actions have impaired the credit of the Plaintiff/Creditor causing a loss to her.

9. Defendant/Debtor's action was a fraud on the Plaintiff/Creditor with the intent to push the property into foreclosure for no financial reason and he continues to occupy the property.

10. That in order to file bankruptcy, Defendant/Debtor had to shift his income into a 401(k) plan and reduce his hours of work to list the figures in Schedules I and J of the Bankruptcy Petition he filed.

11. That Defendant/Debtor told the Plaintiff/Creditor that he would refinance the property over and over after signing the agreement.

12. That Defendant/Debtor prior to filing bankruptcy told the Plaintiff/Creditor that he would list the property for sale and he contacted a realtor for the purpose of purportedly selling the property, but then refused to sign the listing agreement.

13. That Defendant/Debtor failed to list the Plaintiff/Creditor on the matrix and had she not received a notice from the mortgage holder regarding the bankruptcy, Plaintiff/Creditor would never have know [sic] about the bankruptcy.

14. All of Defendant/Debtor's action [sic] were designed to deceive and injure the Plaintiff/Creditor.

15. That Defendant/Debtor is hiding assets from this Court and the Plaintiff/Creditor.

The Motion To Dismiss is filed pursuant to Bankruptcy Rule 7012 that makes Fed.R.Civ.P. 12 applicable in adversary proceedings. A motion to dismiss serves to test the factual allegations in a complaint. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 554, 557 (2007). To survive a motion to dismiss a complaint must contain sufficient "factual allegations" which, if true, would contain "plausible grounds" for a claim. The threshold requirement is that the complaint possess enough heft to show that the pleader is entitled to relief. *Twombly*, 550 U.S. at 557. The *Twombly/Iqbal* plausibility standard raises the bar on what has been called the notice pleading requirements of Fed. R. Civ. P. 8(a)(2). In deciding the Motion To Dismiss, the court tests the sufficiency of the factual allegations in order to determine whether the Plaintiff is entitled to offer evidence to support the claims under §§707(b) and 727(a)(2)(3) and(4), not whether the Plaintiff will ultimately prevail. *See Presley v. City of Charlottesville,* 464 F.3d 480, 483 (CA4 2006). The plausibility of a pleading depends upon the factual specificity of the complaint. *Francis v. Giacomelli*, 588 F.3d 186, 193 (CA4 2009).

Here, the Plaintiff complains of fraudulent conduct on the part of the Debtor directed towards her in an effort to avoid his responsibility under a Property Settlement Agreement, and alleges that at the time he entered into the Agreement, he had embarked on a course of action in derogation of it. She states further that after signing the Agreement, he told her repeatedly that he would refinance the subject property to relieve her from financial exposure on the associated mortgage notes. She pleads further that she relied upon his representations to her detriment, and as a result her credit standing was impaired, causing a loss to her, and that of all his actions were designed to deceive and injure her.

The Plaintiff has failed in her second attempt to plead a cause of action under §727(a)(2), (3) or (4). While the Amended Complaint describes possible causes of action to determine the dischargeability of a debt under 11 U.S.C. §523(a)(2)(A) and (15), there are absolutely no plausible allegations to support the grounds cited for denying Debtor's discharge. There is no allegation that Debtor transferred, removed, destroyed, mutilated or concealed specific property of the estate. Similarly there is nothing to support a claim that he failed to keep or preserve recorded information. Finally, there is no allegation to support a finding that he made a false oath or withheld material from the Trustee. Due to these insufficiencies, Debtor/Defendant's Motion To Dismiss will be granted as to Plaintiff's objection to discharge.

As for the motion to dismiss Debtor's case for abuse that is included within the Amended Complaint, no facts are pleaded to support a finding that this Chapter 7 filing would be an abuse

of the provisions of the Chapter other than perhaps the bald allegation in Paragraph 10 of the Amended Complaint, "That in order to file bankruptcy, Defendant/Debtor had to shift his income into a 401(k) plan and reduce his hours of work to list the figures in Schedules I and J of the Bankruptcy Petition he filed." *See* Amended Complaint, Pars. 10 and 15. The parties are invited to submit additional memoranda within 21 days from the date hereof as to whether the court should consider Debtor's 401(k) contributions to be disposable income such as would make out a case of abuse under §707((b)(1). *Compare In re Ray*, 325 B.R. 193, 195 (BC E.D. Mich. 2005) with *In re Beckerman*, 381 B.R. 841 (BC E.D. Mich. 2008).

      An order will be entered in accordance with the foregoing.

cc:
Charles J. Janus, Esq., 6504 Old Branch Avenue, #206, Temple Hills, MD 20748
Harris S. Ammerman, Esq., 1115 Massachusetts Avenue, NW, Washington, DC 20005
Michael G. Wolff, Trustee, 15245 Shady Grove Road, Suite 465, Rockville, MD 20850

**End of Memorandum**